11-636
Banushi v. Palmer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand twelve.

PRESENT:
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

ROBERT BANUSHI,
            Plaintiff-Appellant,

        -v.-                                    11-636

ALVIN L. PALMER, Police Officer,
Shield No. 04009, EQUASHIA ALLEN,
Police Officer,
            Defendants-Appellees,

JANE DOE, the same being fictitious and employed to denote a female Police Officer in the company of, and who acted in concert with, Police Officer Alvin L. Palmer on 12/14/07 in committing the torts complained of against the Plaintiff, CITY OF NEW YORK,
            Defendants.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Robert Banushi, pro se, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:       Ellen Sara Ravitch, Assistant Corporation Counsel of the City of New York, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

On January 19, 2011, following a jury verdict in favor of defendants-appellees Police Officers Alvin L. Palmer and Equashia Allen, the district court entered judgment against plaintiff-appellant Robert Banushi dismissing his claims of false arrest, false imprisonment, and assault and battery pursuant to 42 U.S.C. § 1983 and state law.  Banushi appeals.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On December 14, 2007, Banushi entered the Lorimer Street subway station in Brooklyn, New York.  As Banushi passed through the turnstiles, Palmer saw a red light flash, which indicated the use of a reduced-fare disability MetroCard.  Palmer alerted his partner, approached Banushi, and asked to see the MetroCard he had just used.  Banushi provided the officers with a pink disability MetroCard, bearing a female's photo (the "Card"); the Card belonged to his wife.  Palmer and Allen arrested Banushi; he was later charged with one count of theft of services, pursuant to N.Y. Penal Law § 165.15(3).  A computerized farecard history provided by the New York City Transit Authority, which outlined the use history of the Card, later confirmed that

the Card had indeed been used at the Lorimer Street subway station just prior to Banushi's arrest.

Banushi appeared before a Kings County criminal court on December 15, 2007, and the court entered an Adjournment in Contemplation of Dismissal. The case was dismissed on June 13, 2008. Banushi then filed a civil complaint alleging various claims arising from his arrest, three of which proceeded to trial. The jury returned a verdict for defendants, and the district court entered judgment dismissing the complaint accordingly. This appeal followed.

Proceeding pro se, Banushi now alleges that (i) the district court improperly admitted the computerized farecard history into the record, and (ii) the evidence at trial was insufficient to sustain the jury verdict.

A.    **The Evidentiary Ruling**

Prior to trial, defendants moved for a ruling permitting them to introduce the computerized farecard history to impeach Banushi if he testified on direct or cross-examination that he did not use the Card on December 14, 2007. Banushi objected, arguing that the farecard history could not be used to contradict his statements on cross-examination. The district court granted defendants' motion, ruling that the farecard history could be used to impeach Banushi on both direct and cross-examination.

At trial, on cross-examination, Banushi denied using the Card. When defendants later offered the farecard history, Banushi objected again, but the district court overruled the objection[1] and admitted the farecard history into evidence as a business record. The court later instructed the jury that the record was admitted "to assist [the jury] with evaluating the credibility of the witnesses at the trial," and not to determine whether the police had probable cause to arrest Banushi. Banushi claims that the district court erred by admitting the farecard history because it was used (i) to contradict testimony elicited during cross-examination, or (ii) to support a finding that the defendants had probable cause to arrest him.

We review a district court's evidentiary rulings for abuse of discretion. Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 124 (2d Cir. 2005) (citing Ramey v. Dist. 141, Int'l Ass'n of Machinists, 378 F.3d 269, 281 (2d Cir. 2004)). Business records may be admissible at trial as an exception to the hearsay rule. Fed. R. Evid. 803(6); see also Parker v. Reda, 327 F.3d 211, 214-15 (2d Cir. 2003) (business records are admissible if kept in the regular course of the business activity and regular

---

[1]	Banushi objected that a proper foundation for the introduction of the farecard history had not been laid. Upon further questioning of a computer specialist from the Metropolitan Transit Authority ("MTA"), who explained the process by which farecard histories are generated, the district court admitted the farecard history. See United States v. Williams, 205 F.3d 23, 34-35 (2d Cir. 2000) (proper foundation laid where witness was "sufficiently familiar" with the business practice of creating a record and the particular record was made according to that business practice).

practice of business was to make such records). Once admitted, business records may be used to impeach a witness or contradict testimony. See United States v. Warren, 453 F.2d 738, 742 (2d Cir. 1972).

Even assuming Banushi preserved all of his objections to the admissibility of the farecard history, we conclude that the district court did not abuse its discretion in admitting the farecard history into evidence. The MTA computer specialist established that the farecard history fell within the business records exception to the hearsay rule. See Fed. R. Evid. 803(6). The farecard history was relevant because it contradicted Banushi's testimony that he had not used the Card on December 14, 2007. Any concern that the farecard history could prejudice the jury with respect to the question of probable cause was obviated by the district court's instruction to consider the farecard history only for assessing credibility. See Zafiro v. United States, 506 U.S. 534, 540 (1993) ("[J]uries are presumed to follow their instructions." (internal quotation marks omitted)). Therefore, the district court properly admitted the farecard history into evidence.

B.    **Sufficiency of the Evidence**

Banushi also argues that the evidence presented at trial was insufficient to support a finding that defendants had probable cause for his arrest. The sufficiency argument fails.

At bottom, Banushi's sufficiency argument is based on his disagreement with the jury's credibility findings. We have

5

held, however, that "[a]ssessments of witness credibility and choices between competing inferences lie solely within the province of the jury." United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010). Thus, we must defer to its credibility determinations. See United States v. Torres, 604 F.3d 58, 67 (2d Cir. 2010) ("[W]e defer to a jury's assessments with respect to credibility and conflicting testimony, and to its choice between the competing inferences that can be drawn from the evidence . . . .").

The record contained substantial support for the jury's finding that defendants had probable cause to arrest Banushi. First, Palmer testified that a red light -- indicating the use of a disability MetroCard -- flashed as Banushi passed through the turnstile. Second, the Card -- which belonged to his wife -- was in Banushi's possession when he was arrested. Third, Allen's testimony corroborated Palmer's version of the events. Fourth, the farecard history contradicted Banushi's statement that he had not used the Card on the date of his arrest. In light of the foregoing, the evidence was more than sufficient to support the jury's verdict. See United States v. Litwok, 678 F.3d 208, 214-15 (2d Cir. 2012) (jury is entitled to weigh evidence and testimony presented at trial).

We have considered Banushi's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6